```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

LAMON C. CRUMPLER,

        Petitioner,

  -vs-                                     **No. 10-CV-0819**
                                                  **DECISION AND ORDER**

S. KHAHAIFA, Superintendent,

        Respondent.

## I. Introduction

Petitioner pro se Lamon C. Crumpler ("Crumpler" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that he is being detained in state custody in violation of his federal constitutional rights. Crumpler was convicted on January 16 2009, in New York State County Court, Niagara County, following a negotiated guilty plea to one count of Assault in the Second Degree (N.Y. Penal Law ("P.L.") § 120.05(2)).

## II. Factual Background and Procedural History

Crumpler's conviction stems from an incident that occurred on September 25, 2007, in Niagara County, in which Crumpler attempted to forcibly steal property from Aaron Jackson ("Jackson"), and intentionally injured Jackson with a knife. Petitioner was charged with four offenses: two counts of Attempted Robbery in the First Degree (P.L. §§ 110/160.15(1), (3)); Assault in the First Degree (P.L. § 120.10(1)); and Criminal Possession of a Weapon in the Third Degree (P.L. § 265.02(1)).

On February 13, 2008, Petitioner was brought to testify before the grand jury wearing his prison uniform. Petitioner objected to testifying while wearing prison attire, and he was removed and returned to prison. The grand jury was rescheduled for the next day.

On February 14, 2008, the prosecution requested that the jail transport Petitioner to the courthouse in civilian clothes. See People's Response to Motion to Dismiss, ¶10 & Attachments, submitted as part of Respondent's Exhibits. However, Petitioner appeared in prison garb again. Neither Petitioner nor defense counsel raised an issue before entering the grand jury room. Id., ¶10. Petitioner then announced that he was being prejudiced by having the jury see him in prison garb, and refused to testify.

On February 21, 2008, the prosecution again returned Petitioner to the grand jury, this time wearing civilian clothing. Petitioner indicated his displeasure with counsel, and was brought before the trial judge who informed him there would be no substitution of counsel. Petitioner refused to testify before the grand jury with his present attorney.

The prosecution returned Petitioner to court on February 26, 2008, attired in civilian clothes. The trial judge informed Petitioner there had not been an error, noting that anybody who comes from jail to testify in [the] grand jury usually comes in garb . . . ." Transcript of February 26, 2008 Hearing ("2/26/08 Tr.") at 2 (quoted in Petitioner's Memorandum of Law, ¶19 (Docket

No. 1)). Petitioner told the judge that having the jury see him in his "prison orange" garb, shackles, and handcuffs had prejudiced him and effectively had removed the presumption of innocence. Id. The prosecutor explained that Petitioner had not raised an issue about his attire until he actually was brought over and appeared before the grand jury. Id. In light of this fact, the trial judge commented that Petitioner's argument was "not going anywhere," and Petitioner responded, "All right. I understand." Id.

The trial judge noted that Petitioner was appearing that day in civilian clothing and advised him that if he wished to testify, he would have to do so with his current counsel. Petitioner, fearing prejudice as the result of his earlier appearance in prison clothing, refused to testify. The prosecutor issued a curative instruction to the grand jury on the issue of Petitioner's attire, stating that whether Petitioner was is custody could not be considered by them in their deliberations. See Grand Jury Minutes at 7, attached to Petition (Docket No. 1).

On April 18, 2008, Petitioner moved to dismiss the indictment on the ground that he was not afforded a sufficient opportunity to testify before the grand jury and was prejudiced by having to appear in prison garb. After hearing oral argument, the newly assigned trial judge agreed that was "improper for the government to submit him for testimony before the grand jury dressed in his jail clothing," but held that "the curative instruction given by the prosecutor dispelled any prejudice[.]" Order of Niagara County

Court Judge Matthew Murphy at 1 (citing People v. DiFondi, 275 A.D.2d 1018, 1018 (4th Dept.), lv. denied, 95 N.Y.2d 933 (N.Y. 2000)).

On November 21, 2008, Petitioner appeared with counsel before the trial judge for a final pre-trial conference. See generally Respondent Exhibit ("Resp't Ex.") A, Plea Transcript ("Plea Tr."). At that time, Crumpler decided to enter a guilty plea in satisfaction of all four counts of the indictment. The prosecutor explained that, in exchange for his guilty plea to Assault in the Second Degree, and his concession to being sentenced as a second felony offender, Petitioner would be offered the minimum three-year prison term. Petitioner's counsel confirmed with the prosecutor that under the plea offer Petitioner would retain his right to appeal the judgment of conviction. The prosecutor agreed to move to dismiss charges pending against Petitioner in an unrelated Niagara County indictment. Petitioner and his counsel then stated that he wished to enter the guilty plea.

The trial court questioned petitioner and verified that he had spoken with defense counsel about the guilty plea, and that he was "willing to accept the plea." The trial court then conducted a colloquy with Crumpler, who was 48-years-old, had completed high school, had no problems understanding English, and had had "enough time to speak with [his counsel] about this proposed plea." Plea Tr. at 9-10. Petitioner affirmed that he had no complaints about

his counsel's representation of him, stating counsel had "done the best he could." Plea Tr. at 10-11.

Petitioner also stated that he had not taken any alcohol or drugs in the past twenty-four hours; that he was not under a doctor's care for mental, emotional, or psychological problems; and that he took prescription drugs for an "arm injury" but they did not affect his ability to think clearly. Id. at 11. Petitioner confirmed that his mind was clear. Id.

In response to the trial judge's questions, Petitioner stated he understood that under the plea agreement, he would plead guilty to second-degree assault, a Class D violent felony. Petitioner was reminded that he must admit to being sentenced as a second felony offender based upon a prior attempted drug-sale conviction. Plea Tr. at 11-12. As a second felony offender, he faced a maximum prison sentence of seven years on a second degree assault conviction. However, the trial court informed him, it would sentence him to a determinate three year prison term in exchange for his guilty plea plus a mandatory five-year term of post-release supervision. Id. at 12-13.

Petitioner confirmed that, aside from the terms of the plea agreement that had been discussed, no one had promised him anything in connection with the guilty plea. Petitioner stated that no one told him he would receive a prison sentence of less than three years, and that he had not been threatened, intimidated, or forced into taking the plea. Plea Tr. at 13. Petitioner agreed that he was

-5-

entering the guilty plea "freely and voluntarily after full consultation with [his] attorney." Id.

Petitioner indicated his understanding of the constitutional rights he would waive by entering the plea and foregoing a jury trial, including the rights to be represented by counsel, participate in jury selection, cross-examine the People's witnesses, testify or choose not to testify in his defense, and have the People prove his guilt beyond a reasonable doubt. Plea Tr. at 14-15.

Crumpler then gave a factual allocution, admitting to having had a "scuffle" with Jackson on September 25, 2007, during which he intentionally caused Jackson physical injury by using a dangerous instrument. Id. at 15-16. Finding that there was "a factual basis for the entry of the plea," the trial court accepted Crumpler's guilty plea. Id. at 16-18.

On January 16, 2009, Petitioner appeared for sentencing and admitted that as a result of his January 2000 conviction for attempted criminal sale of a controlled substance in the third degree, he was a second felony offender. He accordingly was sentenced as contemplated by the plea agreement. At the conclusion of sentencing, the court granted the prosecutor's motion to dismiss the charges under Petitioner's pending, unrelated indictment.

The Appellate Division, Fourth Department unanimously affirmed the conviction, and the New York Court of Appeals denied leave to

appeal. People v. Crumpler, 70 A.D.3d 1396 (4th Dept.), lv. denied, 14 N.Y.3d 839 (N.Y. 2010).

Crumpler timely filed the instant petition raising the following grounds for relief: (1) the grand jury proceedings violated his federal due process and equal protection rights because he was brought to testify before the grand jury in prison attire and restraints; (2) he was induced to plead guilty by the prosecutor, who informed him that under the plea agreement he would be able to appeal the grand jury issues; and (3) the prosecutor breached the plea agreement by opposing Petitioner's appeal raising the grand jury issues.

On September 9, 2010, Petitioner was conditionally released from prison, and remains under the supervision of the New York Division of Parole as a result of the judgment of conviction at issue in this petition.

For the reasons that follow, the petition is dismissed.

### III. Jurisdiction

Respondent has not raised any jurisdictional issues to the petition, notwithstanding Crumpler's release to parole supervision. Federal courts, however, are obliged to consider the question of federal subject matter jurisdiction sua sponte. Manway Const. Co., Inc. v. Housing Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any

stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction . " ).

### A. The Habeas Statute's "In Custody" Requirement

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 491 (1989) (quotation omitted) (citing 28 U .S.C. § 2254(a) (emphasis in original)). As noted above, Petitioner was released on parole during the pendency of this petition. However, Crumpler was incarcerated when he filed the petition, and therefore he meets the "in custody" requirement of the habeas statute. Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

### B. Mootness

Crumpler's release to parole supervision raises the question of whether the petition satisfies Article III, § 2 of the U.S. Constitution, by presenting a live "case or controversy." E.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998). "[W]here the issues presented by a party in an action are no longer 'live,' or the party lacks a legally cognizable interest in the outcome, the federal action is properly dismissed as moot." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000). When a term of imprisonment has expired, "some concrete and continuing injury other than the now-ended incarceration or parole-some collateral consequence of

-8-

the conviction-must exist if the suit is to be maintained." Spencer, 523 U.S. at 7.

In Sibron v. New York, 392 U.S. 40 (1968), the United States Supreme Court determined that collateral consequences are presumed to attach to criminal convictions post-release. Id. at 54-56; accord, e.g., Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002). Following Sibron, the Second Circuit held that "a habeas petition challenging a criminal conviction is rendered moot by a release from imprisonment only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Perez, 296 F.3d at 125 (internal citations omitted).

At the present time, Crumpler continues to bear certain adverse collateral consequences from his criminal conviction in terms of continuing restraints on his liberty, including being subject to supervision by the New York State Division of Parole. Therefore, the Court concludes that the petition is not moot.

**IV. Exhaustion**

A habeas court may not consider the merits of a claim unless the federal nature of that claim was fairly presented to the "highest state court from which a decision can be had." Daye v. Attorney Gen'l of N.Y., 696 F.2d 186, 190 n.3 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984); see generally 28 U.S.C. § 2254(b)(1). Respondent concedes that Petitioner has exhausted his claim that was deprived of due process during the grand jury

proceedings because he was brought to testify while in restraints and wearing prison garb. Respondent also admits that Petitioner has exhausted his claim that he was induced to plead guilty by the prosecutor, who inaccurately informed him that he would be able to challenge all grand jury issues on appeal. However, Respondent argues, Petitioner has not exhausted his claim that the prosecutor breached the plea agreement by opposing his arguments concerning the alleged grand jury errors on appeal. Respondent notes that Petitioner did not raise that argument at any point on direct appeal, and he has not raised it in any subsequent state motion.

Respondent explains that this particular claim arose during the course of the direct appeal and thus was based on facts not available to appellate counsel at the time she filed the brief. Thus, Petitioner presumably could still raise that issue in a collateral motion to vacate the judgment under C.P.L. § 440.10. Respondent accordingly has not argued that the claim should be deemed exhausted but barred from this Court's review.

Respondent instead urges the Court to exercise its discretionary authority under 28 U.S.C. § 2254(b)(2) to deny a petition containing unexhausted claims on the merits. The Court agrees that dismissal of the entire claim under Section 2254(b)(2) is appropriate because the unexhausted claim is without merit under any standard of review. See, e.g., Carr v. Senkowski, No. 01-CV-689(RJA)(VEB), 2007 WL 3124624, at *20 (W.D.N.Y. Oct. 23, 2007) (adopting Report & Recommendation) ("Carr's ineffective

assistance of counsel claims fail either the 'patently frivolous' or 'nonmeritorious' test, the two standards utilized by the district courts in this Circuit to have considered the issue so far. Moreover, they also fail under a pre-AEDPA standard of review. Thus, it is appropriate for the Court to recommend reliance upon 28 U.S.C. § 2254(b)(2) in order to deny the habeas petition in its entirety, notwithstanding Carr's failure to exhaust state remedies.").

**V.   Analysis of the Petition**

   **A.   Defects in the Grand Jury Proceeding**

Petitioner argues that he was improperly brought before the grand jury in restraints and prison garb, and that the trial court erroneously denied his motion to dismiss the indictment on that ground. The Appellate Division found that while the claim survived Petitioner's guilty plea, it lacked merit. Specifically, the Appellate Division held that the prosecutor's "cautionary instructions to the grand jurors dispelled any possible prejudice to [petitioner]." People v. Crumpler, 70 A.D.3d 1397 (quotation and citations omitted). This claim does not assert an error of federal constitutional magnitude cognizable on habeas review.

The Supreme Court has explained that "a guilty plea represents a break in the chain of events which has preceded it," and a defendant who admits his guilt in open court "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the

guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); accord, e.g., United States v. Coffin, 76 F.3d 494, 497 (2d Cir.1996). The Supreme Court explained that Tollett and the earlier cases on which it relied stand for the proposition "that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case" and therefore, a guilty plea "simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." Menna v. New York, 423 U.S. 61, 62 n. 2 (1975) (concluding that a guilty plea did not bar the petitioner's double jeopardy claim, as "the claim is that the State may not convict petitioner no matter how validly his factual guilt is established").

Crumpler's argument concerning his attire when he first appeared before the grand jury, unlike the claim raised in Menna, does not go to the constitutional permissibility of the state's initiation of proceedings against him or otherwise represent an argument that, had it been accepted before trial, "would forever preclude the state from obtaining a valid conviction against him, regardless of how much the state might endeavor to correct the defect," United States v. Curcio, 712 F.2d 1532, 1539 (2d Cir. 1983). Therefore, his claim concerning the grand jury proceedings does not survive his knowing, voluntary, and intelligent guilty

plea on the underlying indictment. Accord, e.g., Sullivan v. Goord, No. 05-CV-6060L, 2007 WL 2746900, *9 (W.D.N.Y. Sept. 19, 2007) (adopting Report & Recommendation of Bianchini, M.J.) (citations omitted).

### B. False Inducement to Plead Guilty by the Prosecutor

#### 1. Factual Overview of Claim

Crumpler argues that he was induced to plead guilty by the prosecutor who informed him that, under the plea agreement, he would able to appeal issues relating to errors in the grand jury proceeding. It is true that under the plea agreement, Crumpler was not required to waive his direct appellate rights and thus he retained the ability to argue the grand jury issues on appeal.

However, Crumpler did not move to withdraw his guilty plea or to vacate the judgment before pursuing direct review of his conviction. The Appellate Division accordingly held that Crumpler had "failed to preserve for [its] review his contention that his plea was not voluntarily, knowingly and intelligently entered on the ground that he was unaware at the time of the plea that he was thereby forfeiting his right to challenge the sufficiency of the evidence before the grand jury[.]" People v. Crumpler, 70 A.D.3d at 1397 (citations omitted). Respondent contends that the Appellate Division relied upon an adequate and independent state ground to dismiss the claim as procedurally barred, thereby precluding further federal habeas review of the claim.

### 2. The Adequate and Independent State Ground Doctrine and Procedural Default

The Supreme Court has held that federal courts shall "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991) (citations omitted). "This rule applies whether the state law ground is substantive or procedural." Id. (citations omitted). The independent and adequate state ground doctrine may bar federal habeas review "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement" for in such cases "the state judgment rests on independent and adequate state procedural grounds." Id. (citing, inter alia, Wainwright v. Sykes, 433 U.S. 72, 81, 87 (1977)). Thus, an adequate and independent finding of procedural default precludes federal habeas review of the federal claim, unless the habeas petitioner can show "cause" for the default and "prejudice" attributable thereto, Murray v. Carrier, 477 U.S. 478, 485 (1986), or demonstrate that the failure to consider the federal claim on habeas will result in a "fundamental miscarriage of justice," id. at 495 (quoting Engle v. Isaac, 456 U.S. 107, 135 (1982)).

The Court agrees with Respondent that the Appellate Division relied upon an "adequate and independent state ground" in rejecting Crumpler's contention regarding the voluntariness of his guilty plea. The procedural bar clearly was an "independent" ground since

-14-

it was the sole basis for the state court's decision. Furthermore, as discussed below, it was a fully "adequate" basis for the decision.

"[A] procedural bar will be deemed 'adequate' only if it is based on a rule that is 'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). Whether application of the procedural rule is " 'firmly established and regularly followed'" must be judged in the context of "the specific circumstances presented in the case," and "of the asserted state interest in applying the procedural rule in such circumstances." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003) (quoting Lee v. Kemna, 534 U.S. 362, 386-87 (2002)).

In New York, the "firmly established and regularly followed rule," Lee, 534 U.S. at 386, for preserving a claim that a guilty plea was involuntarily entered requires a defendant to move to withdraw the plea or to vacate the judgment of conviction. See, e.g., People v. Hilliard, 39 A.D.3d 1021, 1022 (3d Dept. 2007) ("[D]efendant's assertion that his guilty plea was involuntarily entered is unpreserved for our review in light of his failure to move to withdraw the plea or vacate the judgment of conviction[.]"); People v. Johnson, 25 A.D.3d 331, 331, 805 N.Y.S.2d 830 (1st Dept. 2006) ("Since defendant did not move to withdraw his plea, his challenge to the plea's voluntariness is unpreserved[.]").

As noted above, the procedural rule requiring a motion to withdraw the plea to preserve a claim of involuntariness constituted the Appellate Division's sole basis for its ruling on the involuntariness claim. As the foregoing New York state cases make clear, compliance with the rule was demanded in the circumstances presented here, and Crumpler failed to comply with the procedural rule. Thus, the procedural bar relied upon by the appellate court in this case was "firmly established and regularly followed," and therefore constitutes an adequate state ground barring review of the merits of Crumpler's claim.

The next consideration is consider whether there exists "cause" for Crumpler's procedural default of this claim and, in addition, whether he will suffer actual "prejudice" as a result of being precluded from asserting this claim on habeas review. Neither "cause" nor "prejudice" is discernible on the record before the Court. Furthermore, Crumpler has not demonstrated that he is "factually innocent" so as to warrant the fundamental miscarriage of justice exception. Accordingly, the Court finds that this claim is subject to an excused procedural default, and it is dismissed on that basis. Accord, e.g., Bennefield v. Kirkpatrick, 741 F. Supp.2d 447, 454 (W.D.N.Y. 2010).

### C.  Breach of Plea Agreement by the Prosecutor

Petitioner contends that the prosecutor induced him to plead guilty by informing him he would be able to appeal unpreserved grand jury claims, and then violated the plea agreement's terms by

opposing those claims when petitioner raised them on direct appeal. This claim lacks a factual or legal basis.

As part of the plea agreement, the prosecutor agreed that Petitioner would not waive his right to appeal any challenges to the grand jury proceedings. See, e.g., Plea Tr. at 3 (The Prosecutor: "The People agree to not have him waive his right to appeal. He would like to appeal the issue of the grand jury proceedings, Judge . . . .). The Court has reviewed the plea and sentencing transcripts and nowhere does the prosecutor promise to refrain from opposing Petitioner's claims or guarantee that the claims would be found to be preserved or meritorious on appeal. Instead, the prosecutor simply agreed that Petitioner would retain his right to directly appeal the judgment of conviction. By doing so, the prosecutor in no way induced Petitioner's guilty plea.

Petitioner cites Santobello v. New York, 404 U.S. 257, 262 (1971), which held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Here, however, there is nothing in the record to suggest the existence of any promise by the prosecutor not to oppose Crumpler's arguments concerning the grand jury issues on appeal. This claim is factually and legally baseless, and must be dismissed.

**VI.  Motion to Appoint Counsel**

Crumpler has filed a motion to have pro bono counsel appointed to represent him. The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. "'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'" Hendrick v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (quotation omitted).

As discussed above, Crumpler's habeas claims are not meritorious, and it would be an abuse of discretion for this Court to utilize scarce attorney resources in such a case. See Cooper, 877 F.2d at 174 ("Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent."). Crumpler's request for pro bono counsel is accordingly denied.

**VII. Conclusion**

For the foregoing reasons, Lamon Crumpler's request for a writ of habeas corpus is denied and the petition (Docket No. 1) is dismissed. Petitioner's motion to appoint counsel (Docket No. 9) is denied with prejudice. Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R.App.P. 24(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore the Court denies leave to appeal as a poor person from this Decision and Order. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED:   December 21, 2011
         Rochester, New York